HUBBARD STEEL FOUNDRY COMPANY *v.* REMISZEWSKI
ET AL.

[No. 11,112. Filed November 15, 1921.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Findings.—Evidence.—Sufficiency.*—In a proceeding for compensation under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), defended on the ground that the employe's death was due to wilful misconduct within §8 of the Act, as amended Acts 1919 p. 158, evidence *held* sufficient to warrant an inference that deceased had stopped the machine which caused his death, as required by the master's rules, before starting to work on it, and that while he was so engaged another started it running. pp. 622, 624.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Defenses.—Wilful Misconduct.—Burden of Proof.*—In a proceedings for compensation under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), the burden is on the defendant to establish the defense of wilful misconduct, with §8 of the act as amended Acts 1919 p. 158, by a preponderance of the evidence. p. 623.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.—Evidence.—Expressions of Opinion.—Conclusiveness.*—In a proceedings for compensation under the Workmen's Compensation

Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), testimony of a witness that he knew deceased had not pulled a plug for the purpose of stopping the machine which caused his death, because he was on the scene immediately after the accident, and the switch and fuse were then in, was merely an expression of opinion by which the Industrial Board was not bound. p. 623.

From the Industrial Board of Indiana.

.Proceedings for compensation under the Workmen's Compensation Act by Stella Remiszewski and others against the Hubbard Steel Foundry Company. From an award for applicants, the defendant appeals. *Affirmed.*

*Frank M. Cox, A. N. Powell* and *W. J. Whinery,* for appellant.

*George B. Sheerer* and *G. C. White,* for appellees.

ENLOE, C. J.—On April 8, 1920, one Walter Remiszewski, who was in the service and employ of appellant, was killed by an accident arising out of and in the course of his employment. An application for compensation was filed by the appellees herein, who are the wife and minor children of said deceased with whom he was living at the time of his death.

The cause was first heard by a single member, and afterward by the full Industrial Board. An award of compensation at the rate of $13.20 per week for 300 weeks and of $100 for funeral and burial expenses, was made to appellees, and from said award this appeal is prosecuted.

The appellant made its defense under a special answer. It denied all liability in this case, "for the reason that the death of said Walter Remiszewski was caused by his wilful misconduct, in that he failed to obey reasonable orders and directions of his employer, that he should in no case, mount or climb upon, or otherwise come in contact with machinery, unless the

precaution was taken to notify the operator in charge and to remove certain plugs, which, when removed, disconnected the power from the machine."

The section of the statute upon which the appellant relies as a defense is §8 of the Workmen's Compensation Act (Acts of 1919 p. 158), which reads as follows: "No compensation shall be allowed for an injury or death due to the employe's intentionally self inflicted injury, his intoxication, his commission of a felony or misdemeanor, his wilful failure or refusal to use a safety appliance, his wilful failure or refusal to obey a reasonable written or printed rule of the employer, which has been posted in a conspicuous place, his wilful failure or refusal to perform any statutory duty or to any other wilful misconduct on his part. The burden of proof shall be on the defendant."

The full Industrial Board upon the final hearing of this case made its finding herein as follows: "And the full Board having considered said evidence, having reviewed the original evidence, having heard the argument of counsel, and being fully advised in the premises, finds that on the 8th day of April, 1920, one Walter Remiszewski was employed by the defendant at an average weekly wage of $24; that on said date he received personal injuries by an accident arising out of and in the course of his employment, resulting in his death on said date; that the defendant had actual knowledge of the injury and death of the said Walter Remiszewski at the time it occurred; * * *; that the injury and death of the said Walter Remiszewski was not due to any wilful misconduct upon his part by reason of his wilful failure to obey reasonable orders and directions of the defendant to the effect that he should in no case mount or climb upon or otherwise come in contact with machinery unless the precaution was taken to notify the operator in charge and to re-

move certain plugs which would disconnect the power from the machinery."

Counsel for appellant in their brief filed herein say: "Appellant submits that the above finding of the Industrial Board is not sustained by sufficient evidence. In fact, it is contrary to the evidence, and is contrary to law, and that the undisputed evidence shows that the accident and death of Walter Remiszewski was due solely to the wilful misconduct of said decedent."

Upon the record before us, three questions are presented: First. Was the failure of the deceased to obey the orders and instructions of his foreman, if any such failure is shown by this record, wilful misconduct within the provisions of said §8, *supra*, aforesaid? Second. Was the death of said deceased due to such conduct? Third. Has the defense of wilful misconduct been established? In considering the questions thus presented, we shall first examine the proof offered to establish the said defense.

The answer alleged that orders had been given to the deceased not to climb upon or otherwise come in contact with machinery, unless: (a) The operator in charge was notified; and (b) certain plugs (fuses) were removed.

As to the order to notify the operator in charge, if any such orders were ever given to the deceased, appellants in their brief have failed to set out any testimony even tending to show that fact. There is evidence tending to show that the deceased had been told by the superintendent that whenever he "turned the switch" he should take out the fuse plug.

It appears from the evidence that on the day in question, and at the time he was killed, the deceased was at work endeavoring to tighten or adjust a belt which drove a machine used for grinding sand. The machinery with which he was working was not running. The

switch had been turned, or the fuse plug drawn, thus throwing off the current. Who turned this switch or drew said fuse plug, and thus threw off the current, is not definitely revealed. For aught that appears it may have been the deceased; while he was thus working, the machinery started and he was killed. It does not definitely appear who turned the switch or inserted said fuse plug and thus started the machinery causing his death. Taking this entire record we think it to be a reasonable inference that the deceased turned the switch and stopped the machine before he began working on said machine, and that thereafter, and while deceased was so at work, someone started the machine either by turning the switch or inserting the fuse plug.

The burden was upon appellant in this case to establish, by a preponderance of the evidence, the facts averred in its answer. There is no competent

2. evidence that the deceased did not "turn the switch" or "pull the plug" and thus shut off the current and stop the machine, as he had been instructed to do, before he began work thereon.

Counsel for appellant, upon oral argument hereof, seemed to insist that the deceased had nothing to do with turning the switch to stop the machine;

3. that the business of turning the switches to stop the various machines in the plant of appellant, was in the hands of another person, and that when it became needful for the deceased to stop a machine, so that he could do any needed work thereon, he was to stop the machine by pulling the "plug"; and that this was his safeguard, because if the plug was out, no electric current could pass to the machine in question to set it in motion. This contention of appellant is not borne out by the evidence, as set forth in its brief. Albert Larson, appellant's superintendent, testified, as such testimony is set forth in said brief: "I informed

him that he was to get his line of work so that he could keep the machine in good working order; that at any time he was to *turn the switch* and take the fuse plug out * * *. I turned to the switchboard and I told him he should not crawl under the machine without pulling that switch." This witness also testified that he knew that the plug was not pulled in this machine because, "I came down right after the accident * * * and there was the switch in and the fuse in." Clearly this witness, as to whether the switch had been turned, or the fuse plug pulled, was simply expressing his opinion, by which the Industrial Board was not, in considering the evidence, bound.

It is clear to us, that under this condition of the evidence the board might well have come to the conclusion that the deceased, before he began working on said machine, either pulled or turned the switch, or pulled the fuse plug, and thereby stopped the running of said machine, and that the injury and death of said deceased was not due to any wilful misconduct on his part, as set forth in said finding.

Having reached this conclusion, it becomes unnecessary to discuss the other propositions above stated, as they are of no controlling influence.

The award of the Industrial Board is affirmed.